UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CRYSTAL HARLOW,

    Plaintiff,

v.

SIXTH GEAR DISTRIBUTION,

    Defendant.

Case No. 2019-cv-13568-LVP-MJH

Hon. Linda V. Parker

Mag. Judge Michael J. Hluchaniuk

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Sixth Gear Distribution, LLC ("SGD"), through its attorneys, answers the Class Action Complaint ("Complaint"). To the extent not specifically admitted, all allegations of the Complaint are denied. SGD also denies any allegations in footnotes or headings and further objects because they have not been properly plead in accordance with the FRCP.

### NATURE OF THE ACTION

1. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation, except denies that it is appropriate to group separate gummy products under a single label.

2. Lacks sufficient knowledge or information to form a belief as to the truth of what plaintiff means by "formulates" in the second sentence, admits that

defendant manufactures, advertises, and sells various products containing CBD throughout the United States, including Michigan.

3. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

4. Denies the allegations of paragraph 4.

5. Denies the allegations of paragraph 5.

6. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

7. Denies the allegations in paragraph 7.

8. Denies the allegations against defendant but acknowledges this paragraph purports to be a summary of the complaint and the relief plaintiff seeks.

9. Denies the allegations in paragraph 9.

## PARTIES

10. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

11. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

12. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

13. Admits the first sentence of paragraph 13. Lacks sufficient knowledge or information to form a belief as to the truth of what plaintiff means by "formulates" or "creates" in the second sentence, admits that defendant manufactures, advertises, distributes and sells various products containing CBD throughout the United States over the Internet, at retail stores, and wholesale to retail merchants, and denies the remainder of the allegation in the second and third sentence of paragraph 13.

## JURISDICTION AND VENUE

14. This allegation states a legal conclusion to which no responsive pleading is required, but to the extent that responsive pleading is required, denies that the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegation.

15. This allegation states a legal conclusion to which no responsive pleading is required, but to the extent that responsive pleading is required, lacks sufficient knowledge or information to form a belief as to the truth of this allegation except admits that SGD does business in Michigan.

16. This allegation states a legal conclusion to which no responsive pleading is required, but to the extent that responsive pleading is required, denies defendant's products injured plaintiffs in Michigan, and lacks sufficient knowledge

or information to form a belief as to the truth of the rest of this allegation, except admits that SGD does business in Michigan.

## PARTIES

17. Admits that SGD manufactured, sold, and marketed various gummy products containing CBD under the Experience CBD brand name, and sold those products through its website, retail stores, and wholesale to other retailers, and denies the remainder of the allegations.

18. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

19. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

20. Admits the first sentence, and lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegation.

21. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

22. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

23. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

24. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

25. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

26. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

27. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

28. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation, except denies the allegation to the extent plaintiff includes SGD among the "many CDB manufacturers and distributors" it discusses.

29. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

30. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

31. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

32. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

33. Admits only that defendant identifies quantity of CBD in its products using milligrams and lacks sufficient knowledge or information to form a belief as to the truth of the rest of this allegation.

34. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

35. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

36. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

37. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

38. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

39. Lacks sufficient knowledge or information to form a belief as to the truth of the allegation in the first sentence, except states that SGD's CBD products were manufactured with the amounts of CBD included on those products labels. Denies the second sentence because it states a legal conclusion.

40. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

41. Denies this allegation as alleged and further states that any statements on SGD's website speak for themselves.

42. Objects because this paragraph does not contain a short and plan statement of any fact but only a photograph and a caption.

43. Denies as alleged and states that SGD's website speaks for itself.

44. Denies as alleged and states that SGD's website speaks for itself. Further, SGD objects to plaintiff collectively grouping and labelling separate products and denies that this is appropriate.

45. Denies.

46. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

47. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation, except denies that defendant manufactured its CBD products with lower levels of CBD than advertised.

48. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

49. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

50. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation, except denies defendant made misrepresentations.

51. Denies the first sentence because it states a legal conclusion. Lacks sufficient knowledge or information to form a belief as to the truth of the second and third sentence, except denies defendant made misrepresentations.

52. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

## CLASS ACTION ALLEGATIONS

53. Admits that plaintiff purports to bring this action individually and on behalf of a national class as defined in this paragraph but denies that this is appropriate.

54. Admits that plaintiff purports to bring this action on behalf of a subclass of persons from the state of Michigan but denies that this is appropriate.

55. Admits that plaintiff purports to exclude from the class the individuals and entities described.

56. No responsive pleading is required because it states a legal conclusion but denies to the extent that a responsive pleading is required.

57. Denies paragraph 57 in its entirety.

58. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

59. Lacks sufficient knowledge or information to form a belief as to the truth of this allegations.

60. Admit that plaintiff does not know the number of class members and lacks sufficient knowledge or information to form a belief as to the truth of this allegation in all other respects.

61. No responsive pleading is required because it states a legal conclusion but denies to the extent that a responsive pleading is required.

62. No responsive pleading is required because it states a legal conclusion but denies to the extent that a responsive pleading is required.

63. Denies the first two sentences of paragraph 63 and lacks sufficient knowledge or information to form a belief as to the truth of the third sentence.

64. Denies paragraph 64.

65. Lacks sufficient knowledge or information to form a belief as to the truth of this paragraph, including subparagraphs a. through f. which do not appear to belong in this paragraph.

## CAUSES OF ACTION
### COUNT I
### Michigan Consumer Protection Act (MCL 445.903 et seq.)
### (On Behalf of Plaintiff and the Michigan Subclass

66. SGD restates and reincorporates the preceding paragraphs as if fully stated herein.

67. Admits that plaintiff purports to bring this action on behalf of a subclass of persons from the state of Michigan but denies that this is appropriate.

68. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

69. Admits that SDG advertise, offered, or sold goods or services in Michigan, and lacks sufficient knowledge or information to form a belief as to the truth of the remainder of this allegation this allegation.

70. Denies.

71. Denies.

72. Denies.

73. Denies.

74. Denies.

75. Lacks sufficient knowledge or information to form a belief as tot the truth of what plaintiff and the purported Michigan subclass members seek.

## COUNT II
### Breach of Express Warranty
### (On Behalf of Plaintiff and the Michigan Subclass

76. SGD restates and reincorporates the preceding paragraphs as if fully stated herein.

77. Admits that plaintiff purports to bring this action on behalf of a subclass of persons from the state of Michigan but denies that this is appropriate.

78. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

79. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

80. Denies.

81. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

82. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

83. Denies.

## COUNT III
### Breach of Contract / Common Law Warranty
### (On Behalf of Plaintiff and the Michigan Subclass

84. SGD restates and reincorporates the preceding paragraphs as if fully stated herein.

85. Admits that plaintiff purports to bring this action on behalf of a subclass of persons from the state of Michigan but denies that this is appropriate.

86. No responsive pleading is necessary because it states a legal conclusion but denies to the extent a responsive pleading is required.

87. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

88. Denies as alleged.

89. Denies as alleged.

90. Denies.

91. Denies.

92. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

93. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

## COUNT IV
### Breach of Implied Warranty of Merchantability
### (On Behalf of Plaintiff and the Michigan Subclass

94. SGD restates and reincorporates the preceding paragraphs as if fully stated herein.

95. Michigan's Uniform Commercial Code speaks for itself.

96. Michigan's Uniform Commercial Code speaks for itself.

97. Michigan's Uniform Commercial Code speaks for itself.

98. States a legal conclusion to which no responsive pleading is required.

99. Denies.

100. Denies.

101. Denies.

102. Denies.

103. Denies.

104. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

105. Denies.

106. Admit that plaintiff demands this relief but denies she is entitled to it.

## COUNT V
### Magnuson-Moss – Breach of Express Warranty
### 15 USC § 2301 *et seq.*
### (On Behalf of the National Class)

107. SGD restates and reincorporates the preceding paragraphs as if fully stated herein.

108. Admits that plaintiff purports to bring this action on behalf of herself and a national class but denies that this is appropriate.

109. Admits that plaintiff purports to bring this action under the Magnuson-Moss Warranty Act, 15 USC § 2301 *et seq.*, but denies that SGD has violated this statute.

110. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

111. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

112. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation except admits that SGD now manufactures Experience CBD products after 2016.

113. No responsive pleading is required because it states a legal conclusion but denies to the extent a responsive pleading is required.

114. No responsive pleading is required because it states a legal conclusion but denies to the extent a responsive pleading is required.

115. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

116. No responsive pleading is required because it states a legal conclusion and states that the statute speaks for itself.

117. Denies.

118. Denies.

119. Denies.

120. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation.

## COUNT VI
## Unjust Enrichment
## (On Behalf of Plaintiff and All Classes)

121. SGD restates and reincorporates the preceding paragraphs as if fully stated herein.

122. Admits that plaintiff purports to bring this action on behalf of herself and all classes but denies that this is appropriate.

123. Lacks sufficient knowledge or information to form a belief as to the truth of this allegation because "benefits" is not identified.

124. Denies.

125. Denies.

## COUNT VII
### Injunctive Relief
### (On Behalf of Plaintiff and All Classes)

126. SGD restates and reincorporates the preceding paragraphs as if fully stated herein.

127. Admits that plaintiff purports to bring this action on behalf of herself and all classes, but denies that this is appropriate, especially because injunctive relief is a remedy and not a separate cause of action.

128. Denies.

129. Denies.

130. Denies.

131. Denies.

132. Denies.

## REQUEST FOR RELIEF

For these reasons, defendant SGD request that this honorable Court enter the following relief:

A. Deny plaintiff's request for class certification;

B. Dismiss the Complaint with prejudice;

C. Award SGD is attorney fees and costs;

D. Award all other appropriate relief.

## SPECIAL AND AFFIRMATIVE DEFENSES

Defendant Sixth Gear Distribution, LLC ("SDG") alleges the following special or affirmative defenses and, by doing so, does not assume the burden of proof for any issue that would otherwise rest with plaintiff:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has failed to provide pre-suit notice of the alleged defect or offer defendant a reasonable opportunity to cure as required by MCL § 440.2607. Further, if defendant had received such a letter, it would have offered plaintiff full refund or other cure satisfactory to her.

### THIRD DEFENSE

Plaintiff purchased the goods knowing of the existence of the non-conformity on which the complaint is based.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff lacks contractual privity with defendant.

### SIXTH DEFENSE

Plaintiff did not purchase the product from defendant, and defendant did not receive any benefit from plaintiff that it would be unjust to retain.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

### EIGHTH DEFENSE

Plaintiff's claims are preempted by the Food, Drug and Cosmetics Act.

### NINTH DEFENSE

Plaintiff's claims are exempt from application of the Michigan Consumer Protection Act under MCL 445.904(1)(a) because the transactions or conduct at issue are specifically authorized under laws administered by a regulatory board officer acting under statutory authority of this state or the United States, including, but not limited to, the federal Food and Drug Administration and Drug Enforcement Administration.

### TENTH DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claim under the Class Action Fairness Act because the amount in controversy does not exceed $5,000,000, exclusive of interest and costs, and no other basis of jurisdiction exists to support class action claims based on state or federal law.

### ELEVENTH DEFENSE

If any violation of the Michigan Consumer Protection Act occurred, it was the result of a bona fide error because defendant applied the advertised and labelled

amount of cannabidiol to each of its gummy products and implemented procedures to prevent the error.

## TWELFTH DEFENSE

Discrepancies between the advertised amount of cannabidiol and the amount received by plaintiff was limited to plaintiff's product, to the particular lot from which plaintiff's product came, or from errors in the testing process utilized by plaintiff's attorneys.

## THIRTEENTH DEFENSE

Plaintiff's request for injunctive relief is moot.

## FOURTEENTH DEFENSE

The issue about which plaintiff complains was caused after the product left defendant's possession, custody, or control, including but not limited to the unique circumstances of product handling after being purchased either at wholesale or retail.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## SIXTEENTH DEFENSE

Defendant reserves the right to add such other affirmative defenses as are appropriate through the course of discovery.

KEMP KLEIN LAW FIRM

By: /s/Ronald S. Nixon
Brian H. Rolfe (P
Ronald S. Nixon (P57117)

                                              Attorneys for Defendant
                                              201 W. Big Beaver Rd., Suite 600
                                              Troy, MI 48084
                                              Tel. (248) 528-1111
                                              Fax. (248) 528-5129
                                              brian.rolfe@kkue.com
                                              ron.nixon@kkue.com

Dated: January 28, 2020

**4817-7035-0515**

Certificate of Service

I hereby certify that on January 28, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following to all interested parties.

                                KEMP KLEIN LAW FIRM

                                By /s/Marsha L. Johnson
                                        Marsha L. Johnson

Case 2:19-cv-13568-LVP-MJH ECF No. 11 filed 01/28/20 PageID.137 Page 19 of 19