**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRYSTAL HARLOW,

    Plaintiff,

v.                                                                      Case No. 19-13568
                                                                        Honorable Linda V. Parker

SIXTH GEAR DISTRIBUTION,

    Defendant.
_____/

**NOTICE TO APPEAR FOR CASE MANAGEMENT STATUS**
**AND SCHEDULING CONFERENCE**

**YOU ARE NOTIFIED TO APPEAR ON February 27, 2020, at 11:30 AM** for a Case Management Status and Scheduling Conference to be held at the U.S. District Court, 231 W. Lafayette Blvd., Chambers 204, Detroit, MI 48226.

Counsel shall comply with Fed. R. Civ. Proc. Rule 26(f) and submit to the Court a joint discovery plan **no later than 3 business days before the conference**. In addition to the contents required under Rule 26(f), the joint discovery plan shall contain a case summary that:

- Summarizes the background of the action, the principal factual and legal issues for both sides, and the relief sought by the plaintiff(s);
- Outlines the proposed discovery and proposes an appropriate management plan, including a schedule setting discovery cut-off and trial dates; and
- Describes any outstanding or anticipated discovery disputes, the bases for any objections, and any anticipated motions, including dispositive motions

The proposed discovery plan and case summary **shall be filed with the Court**.

Please be prepared to discuss the following, when relevant, at the Scheduling Conference:

1. The issues and narrowing the issues;
2. Subject matter jurisdiction;
3. Relationship to other cases;
4. Necessity of amendments to pleadings, additional parties, third-party complaints, etc.;
5. Settlement, including alternative dispute resolution;
6. Progress of discovery (counsel is instructed to commence significant discovery prior to the conference);
7. Issues which may appropriately be resolved by motion; and
8. Estimated trial length

Where applicable, the Court directs counsel to discuss case evaluation (formerly "mediation") with their clients, and the prospect of obtaining authority to stipulate to be bound by the provisions of Mich. Ct. R. 2.403, including the section dealing with sanctions. Where case evaluation is not applicable, the Court directs counsel to discuss alternative methods of settlement (e.g., facilitation) with their clients.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 29, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager